■ In the Matter of the Claim of DAVID KAPLAN, Respondent, v. WILLIAM YUDIN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an alleged employer and his insurance carrier from a decision and award of the Workmen's Compensation Board, appellants contending that claimant was an independent contractor. The board found upon substantial evidence that claimant, a carpenter, had worked for the employer, a building contractor, off and on for three years, being paid $18 per day; that he had been so employed for two or three days repairing arches and floors when the employer requested him to install a cabinet in the same building and took him to the factory to get a cabinet, found the factory closed and told claimant to return and get the cabinet later; that claimant said the cabinet was too heavy for him to handle alone and the employer told him to get a helper and that he would pay for the cabinet and the helper; that claimant arranged for one Chaprack to help and figured the cost at $115 which included $54 for labor of the two men for one and one-half days at $18. Claimant was hurt before the work was done and the employer issued a check to claimant and Chaprack for $112.40, the difference of $2.60 being for lumber supplied by the employer, and, claimant being disabled, Chaprack paid for the cabinet and he and claimant retained the balance. Upon the entire record, the board was not bound to find that the parties contemplated the termination of the prior employment status and the creation of an independent contractual arrangement. The latter was not conclusively established by either the advance computation or method of payment of the labor cost, although another trier of the facts might have given greater effect to each. Appellants' argument is in some considerable part predicated on the alleged employer's testimony. The board was, of course, entitled to reject this evidence but, further and under the circumstances surrounding the witness' failure to produce certain records, to indulge an affirmative inference supportive of the claim. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.